IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS ALLEN BROWNFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-cv-01157-KHV-JPO |
| | ) |
| KANSAS DEPARTMENT OF CORRECTIONS, | ) |
| et al., | ) |
| Defendants. | ) |

**<u>MEMORANDUM IN SUPPORT OF KDOC DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT BASED ON EXHAUSTION</u>**

Defendants Kansas Correctional Officers Jeff Goldring, Brett Peters, John Goodson, Edward Garnett and Angela Robinson ("KDOC Officers"), all of whom are sued in their respective individual capacities, through Assistant Attorney General Natasha M. Carter, in accordance with D. Kan. 7.1(a) and D. Kan. 7.6, submit this Memorandum in Support of their Motion to Dismiss or in the Alternative, for Summary Judgment Based on Exhaustion pursuant to Fed. R. Civ. P. 12 and 56.

Because Plaintiff Brownfield is an inmate at a KDOC correctional institution and has failed to timely exhaust administrative remedies as required by law for both his federal and state law claims, his Complaint must be dismissed. Officers Goldring, Peters, Goodson, Garnett and Robinson respectfully request that their motion be granted, stating the following in support.

**NATURE OF THE CASE AND MATTER BEFORE THE COURT**

At all times relevant to this action, Plaintiff Chris Brownfield ("Brownfield") was an inmate in the custody of the Kansas Department of Corrections ("KDOC") residing at Lansing

Correctional Facility ("LCF"). Brownfield injured fingers on his right hand on June 20, 2019, when he stuck his hand into an ice machine as part of an in-prison job at LCF. In Counts II and V of the First Amended Complaint, Brownfield complains about the medical care provided by Corizon and its medical staff.

As to the KDOC Officers, Brownfield claims that Officers Goldring, Peters, Goodson and some unnamed other person (referred to as "John Doe # 5) were negligent in their training or supervision of him and that one or more were negligent in failing to discern that the other kitchen employees/inmates had removed the manufacturer's safety cover on the ice machine earlier on the day of the accident, alleging a state law negligence claim under the Kansas Tort Claims Act in Count I. In Count IV, the First Amended Complaint alleges these same acts of alleged negligence constitute a violation § 1983, citing the Eighth Amendment.

In Count III, Brownfield alleges that Captain Garnett, Captain Robinson or some other unnamed person (referred to as "John Doe # 1"), who may have told the corrections officers who were escorting Brownfield to return Brownfield to the facility after he received treatment, medications, and an appointment for a follow-up visit on June 24, 2019, at the University of Kansas Medical Center Emergency Room ("ER") violated the Eighth Amendment. Brownfield seeks damages in excess of $250,000.

## CONCISE STATEMENT OF MATERIAL FACTS
## AS TO WHICH NO GENUINE ISSUE EXISTS REGARDING EXHAUSTION

For purposes of the claims against the KDOC Officers and this motion only, the following facts may be considered undisputed:

1. At all relevant times, Brownfield was an inmate housed at LCF. (Doc. 3, at ¶ 1).

2. At all times relevant to Brownfield's Complaint, Officers Jeff Goldring, Brett Peters, John Goodson, Edward Garnett and Angela Robinson were employed by KDOC at LCF. (Doc. 3, at ¶¶ 4, 5, 6, 13, 14).

3. In June 2019, Brownfield held an in-prison job where he worked in the heating, ventilation and air conditioning shop at LCF. (Doc. 3, at ¶ 20).

4. At approximately 2:30 p.m. on Thursday, June 20, 2019, Brownfield was instructed to report to Aramark Food Service Kitchen at LCF for a needed repair. (Doc. 3, at ¶ 27).

5. Brownfield attempted to fix the machine. (Doc. 3, at ¶ 34).

6. When Brownfield reached into the ice machine, the cooling fan engaged and cut the ring and middle fingers of his right hand. (Doc. 3, at ¶ 44).

7. Brownfield did not file a grievance regarding his June 20, 2019 injury within 15 days as required by K.A.R. 44-15-101(b) and K.S.A. 75-52,138. (Doc. 3).

8. Brownfield did not file a personal injury claim within 10 days of his June 20, 2019 injury as required by K.A.R. 44-16-104a(a) and K.S.A. 75-52,138. (Doc. 3).

9. In fact, Brownfield did not file a grievance regarding his injury until 363 days after the injury occurred. (Declaration of Darcie Holthaus, attached hereto as Exhibit A, at ¶ 4; Exhibit 1 to Holthaus Decl.).

10. Brownfield did not file a personal injury claim with the secretary of corrections. (*Id.*).

11. Brownfield did not attach proof of exhaustion of administrative remedies to his Complaint or his First Amended Complaint. (Doc. 1, 3).

## QUESTIONS PRESENTED

1. Did Brownfield properly and timely exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)?

2. Is the state law negligence claim against the KDOC Officers subject to dismissal as a matter of state law because Brownfield failed to file a personal injury claim or to attach proof of exhaustion to his Complaint as required?

## STANDARDS OF REVIEW

### *Motion to Dismiss Standard*

To survive a motion to dismiss for failure to state a claim, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In conducting its analysis, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (citation omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017).

### *Summary Judgment Standard*

Summary judgment is required under Rule 56 of the Federal Rules of Civil Procedure when pleadings, affidavits, and any discovery "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To determine whether a genuine issue exists, courts will view evidence in the light most favorable to the nonmoving party and will accept only reasonable inferences. *See Allen v. Muskogee*, 119 F.3d 837, 839-40 (10th Cir. 1997). That said, the nonmoving party cannot create a genuine issue of fact by making allegations that are clearly unsupported by the record as a whole.

*Scott v. Harris*, 550 U.S. 372, 378-81, 127 S. Ct. 1769 (2007).  Further, any factual dispute must be not only genuine – "such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) – but also material, as determined by substantive law, *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248).  Where there is no genuine dispute of material fact regarding just one of the essential elements a plaintiff must prove, then summary judgment must issue in the defendant's favor.  *See Sports Unlimited, Inc. v. Lankford Enterprises., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002) (citing *Adler*, 144 F.3d at 671). A summary judgment motion "may be filed at any time until 30 days after close of discovery." Fed. R. Civ. P. 56(b).

Here, the KDOC Officers are entitled to summary judgment in their favor because Brownfield failed to properly exhaust his available administrative remedies, as required by both state and federal law.

## ARGUMENTS AND AUTHORITIES

### I.    Brownfield has failed to properly exhaust his administrative remedies as required by the PLRA.

The PLRA requires an inmate to exhaust all available administrative remedies before bringing a § 1983 action about prison conditions or occurrences. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007). "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). Courts cannot take into account special circumstances or create other exceptions to this rule, as "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* at 1857.

5

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "An inmate properly exhausts a claim by utilizing each step the prison holds out for resolving the claim internally and by abiding 'with an agency's deadlines and other critical procedural rules.'" *Gray v. Sorrels*, No. 19-7060, 2020 WL 3120997, at *1 (10th Cir. June 12, 2020) (quoting *Woodford*, 548 U.S. at 93). "In other words, a prisoner must comply with procedural 'rules that are defined not by the PLRA, but by the prison grievance process itself.'" *Williams v. Hill*, 422 F. App'x 682, 684 (10th Cir. 2011) (quoting *Jones,* 549 U.S. at 218).

The KDOC Grievance Procedure for Inmates set forth in Article 15 of Chapter 44 of the Kansas Administrative Regulations applies "to a broad range of matters that directly affect the inmate, including . . . actions by employees . . . and incidents occurring within the facility." K.A.R. 44-15-101a(d). "This regulation applies to a constitutional claim such as the § 1983 claims asserted here, where the conduct complained of stems from 'actions by employees' of the prison facility." *Vann v. Ash*, No. 15-3192-SAC-DJW, 2016 WL 6680997, at *2 (D. Kan. Nov. 14, 2016) (citing K.A.R. § 44–15–101a(d)(1)(B); *Lewis v. Carrell*, No. 12-CV-3112-DDC-JPO, 2014 WL 4450147, at *5 (D. Kan. Sept. 10, 2014), *reconsideration denied*, No. 12-CV-3112-DDC-JPO, 2015 WL 413640 (D. Kan. Jan. 30, 2015)).

An inmate must take four steps to complete the grievance process: (1) attempt an informal resolution with unit team members; (2) submit a grievance to an appropriate unit team member; (3) submit a grievance to the warden of the facility; and (4) appeal to the secretary of corrections. *See* K.A.R. 44-15-101(b) and (d), -102(a), (b), and (c). Relevant here, K.A.R. 44-15-101(b) requires grievances to be filed "within 15 days of the discovery of the event."

Seemingly as an afterthought, Brownfield filed a grievance on June 18, 2020. But that grievance does little to save his claims—***it was 348 days too late***. Brownfield's attempt to rush his

6

grievance through the required four step grievance process—363 days after the incident—within the one-year period does not excuse him from the 15-day requirement. As the Circuit has stated, any argument that "[K.A.R. 44-15-101(b)] gives [the inmate]one year to file his grievance is based on a mis-reading of Section 44-15-101b. Under the regulation, all grievances must be filed within 15 days of discovering the event. In the rare case where an event is not discovered for more than a year after it occurred, the filing of the grievance is time-barred, even if it is filed within 15 days of discovering the event. Thus, the sentence permitting filing up to 'one year after the event' is an additional limit on the filing time, not an extension." *Van Houten v. Marlett*, 330 F. App'x 161, 163 (10th Cir. 2009). Brownfield obviously discovered the "event" and knew of the injury to two of his fingers on June 20, 2019. Because Brownfield failed to properly exhaust his available administrative remedies within the time period set forth in K.A.R. 44-15-101(b), his Section 1983 claims against the KDOC Officers are barred by the PLRA as a matter of law.

## II. Brownfield failed to properly exhaust or attach proof of exhaustion as required for his state law negligence claims in Count I

Kansas law requires inmates to exhaust their administrative remedies prior to filing any civil action against the KDOC Officers. Specifically, K.S.A. 75-52,138 states: "[a]ny inmate in the custody of the secretary of corrections . . . prior to filing any civil action naming the state of Kansas, any political subdivision of the state of Kansas, any public official, the secretary of corrections, the warden, . . . an employee of the department of corrections . . ., while such employee is engaged in the performance of such employee's duty, . . . shall have exhausted such inmate's administrative remedies, established by rules and regulations promulgated by the secretary of corrections . . . concerning such civil action. Upon filing a petition in a civil action, such inmate shall file with such petition proof that the administrative remedies have been exhausted."

In addition to the Article 15 grievance procedure "regarding policies and conditions within the jurisdiction of the facility or the department of corrections," "actions by employees and inmates and incidents occurring within the facility," and other circumstances, K.A.R. 44-15-101a(d)(1), a grievance to be filed within 15 days of discovery of the event giving rise to the grievance, K.A.R. 44-15-101b, Kansas administrative regulations also provide for a separate claim procedure under Article 16 where the inmate claim of personal injury. K.A.R. 44-16-104a. By regulation, "[e]ach inmate claim for personal injury shall be submitted to the facility and secretary of corrections within 10 calendar days of the claimed personal injury." K.A.R. 44-16-104a(a).

State law imposes an additional requirement that federal law does not - submitting proof of exhaustion at the time the case is filed. K.S.A. 75-52,138 ("Upon filing a petition in a civil action, such inmate shall file with such petition proof that the administrative remedies have been exhausted."). The statutory language is mandatory, requiring both exhaustion and filing proof of exhaustion. *Id.*

Here, the Complaint alleges that Brownfield was an inmate in the custody of the secretary of corrections, Doc. 3, at ¶ 1. Thus, Brownfield is required to satisfy the statute. *Litzinger v. Bruce,* 41 Kan. App. 2d 9, 201 P.3d 707 (2008). All of the KDOC Officer Defendants were employees of the KDOC engaged in the performance of their respective duties. Doc. 3, at ¶¶ 4, 5, 6, 13, 14. Therefore, to bring state law-based claims against the KDOC Officers, Brownfield was required by state law to exhaust his administrative remedies for such a claim by filing a grievance under Article 15 and a claim under Article 16 and to submit proof of exhaustion with his Complaint. *Sperry v. McKune,* 305 Kan. 469, Syl. 5, 384 P.3d 1003 (2016). *See Vann v. Ash*, No. 15-3192-SAC-DJW, 2016 WL 6680997, at *2 (D. Kan. Nov. 14, 2016) ("[U]nder Kansas law, an inmate must exhaust administrative remedies and submit proof of exhaustion with his petition."). Kansas

8

courts require strict compliance with the exhaustive requirements of K.S.A. 75-52,138. *Corter v. Cline,* 42 Kan. App. 2d 721, 723, 217 P.3d 991 (2009); *Litzinger v. Bruce,* 41 Kan. App. 2d at 11 (citing *Laubach v. Roberts,* 32 Kan. App. 2d 863, 868-69, 90 P.3d 961 (2004)). When considering a state law claim, a federal court must apply state law giving proper regard to relevant rulings of state courts. *See, e.g., Stickley v. State Farm Mut. Auto. Ins. Co.,* 505 F.3d 1070, 1077 (10th Cir. 2007).

Because Brownfield failed to timely exhaust administrative remedies under Article 15 or Article 16 of state regulations and did not submit proof he exhausted his administrative remedies with his Complaint, the state law-based claims must be dismissed as per K.S.A. 75-52,138.

## CONCLUSION

All of the claims against KDOC Officers Peters, Goldring, Goodson, Garnett and Robinson should be dismissed or summarily decided in their favor. Brownfield's § 1983 claim must be dismissed because he failed to exhaust his administrative remedies as required by the PLRA. His state law negligence claims must be dismissed because he did not submit proof of exhaustion with his Complaint as required. For these reasons, KDOC Officers Jeff Goldring, Brett Peters, John Goodson, Edward Garnett and Angela Robinson ask the Court to grant this motion.

Respectfully Submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Natasha M. Carter
Natasha M. Carter, KS No. 26074
Assistant Attorney General
Memorial Building, 2nd Floor
120 SW 10th Avenue
Topeka, Kansas, 66612-1597
Phone: (785) 296-2215
Fax: (785) 291-3767
Email: natasha.carter@ag.ks.gov

9

*Attorney for the KDOC Defendants*
*Jeff Goldring, Brett Peters, John Goodson, Edward Garnett and Angela Robinson*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on the 20th day of August 2021, a true and correct copy of the above and foregoing was filed via the Court's electronic filing system which will send notice to all counsel of record.

                                          s/ Natasha M. Carter
                                          Natasha M. Carter
                                          Assistant Attorney General