IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHRIS ALLEN BROWNFIELD,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 21-cv-01157-KHV |
| | ) | |
| **KANSAS DEPARTMENT OF CORRECTIONS, et al.,** | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## ORDER

This matter comes before the Court on the Motion To Dismiss, Or In The Alternative, For Summary Judgment Based On Exhaustion (Doc. #19) which Kansas Correctional Officers Jeff Goldring, Brett Peters, John Goodson, Edward Garnett and Angela Robinson filed on August 20, 2021.[1] For reasons stated below, said motion is overruled.

As to plaintiff's federal claims under Section 1983 (Counts III and IV), the parties agree that the PLRA does not require plaintiff to plead exhaustion. Accordingly, failure to affirmatively plead exhaustion does not constitute grounds for dismissal under Rule 12(b)(6), Fed. R. Civ. P. Defendants' alternate motion for summary judgment on plaintiff's federal claims is premature, and is overruled for substantially the reasons stated in Plaintiff Chris Allen Brownfield's Response To KDOC Defendants' Motion To Dismiss Or In The Alternative, Motion For Summary Judgment (Doc. #39) filed October 1, 2021. Defendants have not conclusively shown that plaintiff failed to

---

[1] To expedite a ruling on this motion, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

exhaust constitutional exhaustion procedures that were reasonably available to him. Moreover, plaintiff's failure to oppose defendants' Motion To Stay Discovery And Related Rule 26 Activities (Doc. #21) filed August 20, 2021 does not estop him from further developing the record in that regard.

As to Count I, plaintiff's state law negligence claim, the Court declines to impose a heightened pleading requirement and finds, for substantially the reasons that plaintiff has cited in his opposing brief, that Count I of the First Amended Complaint (Doc. #3) filed June 21, 2021 is not subject to dismissal for failure to attach documents which establish proof of exhaustion. As to summary judgment on Count I, defendants' motion is premature and unpersuasive with regard to the reasonableness, constitutionality and availability of the exhaustion procedures on which defendants rely.

IT IS THEREFORE ORDERED that defendants' Motion To Dismiss, Or In The Alternative, For Summary Judgment Based On Exhaustion (Doc. #19) filed August 20, 2021 is therefore **OVERRULED**.

IT IS FURTHER ORDERED that as to all defendants, the Order (Doc. #30) filed September 7, 2021 which stayed discovery and other pretrial proceedings pending a ruling on this motion and the Motion To Dismiss (Doc. #11) filed August 5, 2021, is hereby **VACATED**. Counsel shall immediately proceed with discovery, so as to proceed to trial commencing November 7, 2022.

IT IS HEREBY FURTHER ORDERED that the Notice Of Joinder (Doc. #25) which defendants Corizon, LLC, Chasatie Wisdom and Chantel Abel filed on August 23, 2021, is **OVERRULED** for the reasons stated above. Because the underlying motion is premature and

unpersuasive on the merits, the Court does not decide whether third-party contractors are entitled to invoke failure to exhaust as a defense.

IT IS HEREBY FURTHER ORDERED that the Notice Of Joinder (Doc. #54) which defendants Nancy Brayshaw, Beverly Jackson and Michelle Layton filed on October 22, 2021, is **OVERRULED** for the reasons stated above. Because the underlying motion is premature and unpersuasive on the merits, the Court does not decide whether third-party contractors are entitled to invoke failure to exhaust as a defense.

IT IS HEREBY FURTHER ORDERED that the Notice Of Joinder (Doc. #57) which defendant Michelle Layton filed on October 29, 2021, is **OVERRULED** for the reasons stated above. Because the underlying motion is premature and unpersuasive on the merits, the Court does not decide whether third-party contractors are entitled to invoke failure to exhaust as a defense.

IT IS HEREBY FURTHER ORDERED that this case is set for trial beginning November 7, 2022.

Dated this 30th day of November, 2021 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge